**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Saimalo T.,<br>Plaintiff(s),<br>vs.<br>Martin O'Malley, et al,<br>Defendant(s). | **2:24-cv-01241-MDC**<br>**ORDER RE: PLAINTIFF'S MOTIONS FOR REASONABLE ATTORNEYS' FEES (ECF NOS. 26 and 27)** |

Plaintiff's counsel filed an *Amended Motion for Attorney's Fees* ("Amended Motion"). *ECF No. 27.* The Court **GRANTS** the Motion. The Court also **DENIES** the earlier filed *Motion for Attorney's Fees* (ECF No. 26) as moot.

## I. BACKGROUND

The attorney representing plaintiff secured a decision from this Court, remanding this matter for further administrative proceedings. *ECF No. 20*. On remand, the Commissioner granted plaintiff's application, entitling him to receive approximately $79,844.00 in past due benefits from Title II benefits. On October 21, 2026, the Court granted the parties *Stipulation For Reasonable Attorneys' Fees Per EAJA* (ECF No. 25) which awarded plaintiff $9,800.00 under the Equal Access to Justice Act ("EAJA"). By its Amended Motion, counsel requests a fee of $19,900.00 payable to Law Offices of Lawrence D. Rohlfing, Inc., CPC ("Rohlfing firm") under the contingency fee contract. Counsel argues that the requested fee is reasonable and that firm will refund to plaintiff the $9,800 EAJA fee. *Id. at 6*. The government states in its response that it does not take a position opposing or supporting the Motion. *ECF No. 28*.

## II. LEGAL STANDARD

Per 42 U.S.C. § 406(b), "[w]henever a court renders a judgment favorable to a claimant…who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." Where there is an agreement between the claimant and counsel on attorney's fees for representation, the United States Supreme Court has instructed that courts generally must respect "the primacy of lawful attorney-client fee agreements" in awarding fees. *Gisbrecht v. Barnhart*, 535 U.S. 789, 793 (2002).

The Court also has an "affirmative duty" to ensure the fees provided are reasonable. *Crawford v. Astrue*, 586 F.3d 1142, 1149 (9th Cir. 2009) (en banc). "[T]he attorney bears the burden of establishing that the fee sought is reasonable." *Id.* at 1148 (citations omitted). The *Crawford* court highlighted three factors to consider in determining the reasonableness of the attorney's fees.

> First, no reduction in fees due to substandard performance was warranted. [. . .] Second, no reduction in fees for dilatory conduct was warranted, as the attorneys in these cases caused no excessive delay which resulted in an undue accumulation of past-due benefits. Finally, the requested fees, which were significantly lower than the fees bargained for in the contingent-fee agreements, were not excessively large in relation to the benefits achieved.

*Id.* at 1151.

The goal of fee awards under § 406 is to provide adequate incentive to represent claimants while ensuring that the usually meager disability benefits received are not greatly depleted. *Cotter v. Bowen*, 879 F.2d 359, 365 (8th Cir. 1989), abrogated on other grounds in *Gisbrecht,* 535 U.S. at 807. *Gisbrecht* and *Crawford* demonstrate that the reasonableness inquiry is not a lodestar or hybrid lodestar analysis, as awards in other Social Security cases demonstrate. *E.g., see Joanne F. v. Comm'r of Soc. Sec.*, 2023 WL 7127663, at *2 (D. Or. 2023) (effective hourly rate of $1,780.65) (citing cases); *Brazile v. Comm'r of Soc. Sec.*, 2022 WL 503779, at *2-4, n.7 (W.D. Wash. 2022) (effective rate of $2,000); *Schultz v.*

*Berryhill*, 2021 WL 1381128, at *2 (D. Nev. Apr. 9, 2021) (effective hourly rate $1,395). The risk of nonpayment of fee establishes a clear basis for paying a premium for winning a contingency fee case. *Vizcaino v. Microsoft Corp*., 290 F.3d 1043, 1051 (9th Cir. 2002); *Brazile*, 2022 WL 503779, at *2–4, n.7.

## III. ANALYSIS

After reviewing the record and the supporting evidence, the Court finds that plaintiff's counsel has made a sufficient showing to support his request for $19,900.00. Counsel evaluated the merits of the case and prepared the complaint. Counsel also briefed the legal issues which resulted in a court decision remanding the matter for further proceedings. The manner and approach to the case is an efficient use of time and did not result in the accumulation of unreasonable past-due benefits. In this case, counsel seeks a fee of 25% of the past due benefits paid or payable to plaintiff. Counsel seeks a $19,900.00 fee payable to the Rohlfing firm. Social Security calculates plaintiff's past due benefits at $79,844.00. *ECF No. 27 at 6*. The fee is reasonable considering the services expended and results achieved.

Counsel expended or supervised 40.25 hours before the District Court. The effective hourly rate in this case of $494.00 does not amount to a windfall as a matter of law. The statutory cap on fees is 25% of the past due benefits for the court services without reference to fees paid or payable for administrative services. *Culbertson v. Berryhill*, 139 S.Ct. 517, 519 (2019) (fees under § 406(a) and § 406(b) represent separate caps on fees). The Court finds that the fee is reasonable under the contract, the services provided, and the results achieved and orders that fee payable to the Rohlfing firm. Plaintiff's counsel already received $9,800.00 per the EAJA, 28 U.S.C. § 2412(d), which will be refunded to plaintiff. *See ECF No. 27 at 16*.

**IT IS ORDERED** that:

1. Plaintiff's counsel's *Amended Motion for Attorney's Fees* (ECF No. 27) is **GRANTED**.

2. Plaintiff's counsel's earlier filed *Motion for Attorney's Fees* (ECF No. 26) is **DENIED AS MOOT.**
3. The Commissioner is directed to **CERTIFY** the fee of $19,900.00, payable to the Law Offices of Lawrence D. Rohlfing.
4. The Law Offices of Lawrence D. Rohlfing is directed to **REFUND** the EAJA fee of $9,800.00 to the plaintiff.

Dated: November 17, 2026.

Hon. Maximiliano D. Couvillier III
United States Magistrate Judge